IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. NATIONAL ASSOCIATION, as Trustee,<br><br>           Plaintiff,<br>   v.<br><br>ELSA H. ALMANZA and SARA SANCHEZ,<br><br>           Defendants. | 1:09-CV-28  AWI DLB<br><br>ORDER REMANDING CASE TO MERCED COUNTY SUPERIOR COURT |

    On January 7, 2009, Defendants removed this case from the Superior Court of Merced County. Defendants' notice of removal states that this Court has original jurisdiction under 28 U.S.C. § 1331 and that removal is appropriate under 28 U.S.C. § 1441(b) because the case involves an issue of federal law. "Specifically, Defendants' answer alleges violation of the RESPA [Real Estate Settlement Procedures Act] 12 U.S.C. §§ 2601-2617 and the TILA (Truth In Lending Act) 15 U.S.C. § 1692(a)." Notice of Removal at p. 2.

    In the complaint, Plaintiff alleges unlawful detainer and seeks possession of real estate located in Los Banos, California, that was acquired by Plaintiff through a power of sale in a deed of trust. The complaint is verified as a limited civil case. There are no federal causes of action pled by Plaintiffs.

**LEGAL STANDARD**

28 U.S.C. § 1441(b) reads in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). If there is any doubt as to the right of removal in the first instance, "federal jurisdiction must be rejected." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004); Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 U.S. at 1014. "A defense is not part of a plaintiff's pleaded statement of his or her own claim." Dynegy, 375 F.3d at 838. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). "In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." Duncan, 76 F.3d at 1485.

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a duty to

establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). "Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995). In other words, a district court may remand a removed case *sua sponte* if it determines that it lacks subject matter jurisdiction over the case. See Parker v. Ho Sports Co., 2005 U.S. Dist. LEXIS 37289 at *1 (E.D. Cal. 2005); Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 990 (D. Nev. 2005); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997); cf. Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a court may not *sua sponte* remand for procedural defects in removal but noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").

## DISCUSSION

Here, the only basis for jurisdiction identified in the notice of removal is the presence of a federal question. A review of the complaint, however, shows that Plaintiff is relying exclusively on California law and no federal question is apparent from the complaint. Relying on a defense of RESPA and/or TILA is insufficient to create a federal question.[1] See Caterpillar, 482 U.S. at 392; Dynegy, 375 F.3d at 838; Wayne, 294 F.3d at 1183.

Because the RESPA and TILA *defenses* are insufficient to create federal question jurisdiction, and because no federal question appears within Plaintiff's complaint, Defendants'

---

[1] A corollary to the well-pleaded complaint rule is the doctrine of "complete preemption." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000). Under the "complete preemption" doctrine, when the preemptive force of a statute is so strong that it "completely preempt[s]" an area of state law, the federal law displaces a plaintiff's state-law claim and the state claim is considered, from its inception, a federal claim that arises under federal law. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005). However, neither RESPA nor TILA "completely preempt" state law for purposes of removal jurisdiction. See Wood v. Option One Mortg. Corp., 580 F.Supp.2d 1248, 1259-60 (N.D. Ala. 2008); Jamal v. WMC Mortg. Corp., 2005 U.S. Dist. Lexis 5076 (E.D. Penn. March 28, 2005); McCrae v. Commercial Credit Corp., 892 F.Supp. 1385, 1386-87 (M.D. Ala. 1995).

notice of removal does not show that removal was appropriate as the papers do not show that this Court has jurisdiction over this matter.  Thus, this Court must *sua sponte* remand this case to the Merced County Superior Court since this Court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); Waddell & Reed, 360 F.3d at 967; Page, 45 F.3d at 133; Parker, 2005 U.S. Dist. LEXIS 37289 at *1; Knutson, 358 F. Supp.2d at 990.

Accordingly, IT IS HEREBY ORDERED that this case is REMANDED to the Merced County Superior Court forthwith.

IT IS SO ORDERED.

**Dated:   January 21, 2009**            /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE